UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

    -v-

CHARLIE HERNANDEZ
------------------------------x

**JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT**

CASE NUMBER:CR-04-428 (ARR)
JUSTINE HARRIS, ESQ
16 COURT STREET, 3rd FL.
BROOKLYN, NEW YORK 11241
Defendant's Attorney & Address

THE DEFENDANT:

XXX  pleaded guilty to count one of the indictment.

___  was found guilty on counts          after a plea of not guilty.

    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a), 960(a)(1) & 960(b)(3) | IMPORTATION OF HEROIN. | ONE (1) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s)      and is discharged as to such count(s).

XXX  Remaining counts are dismissed on the motion of the United States.

XXX  It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due  XXX immediately  ___  as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #:

Defendant's Date of Birth 12/27/83

Defendant's Mailing Address:

2417 WEST STREET

UNION CITY, NEW JERSEY 07087

Defendant's Residence Address:

    ( SAME AS ABOVE )

JUNE 28, 2005
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

JUNE 28, 2005
Date

A TRUE COPY ATTEST
Date:
ROBERT C. HEINEMANN
CLERK OF COURT

By:

DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty four (24) months.

**XXX**  The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFT BE HOUSED AT THE FORT DIX FACILITY.

___  The defendant is remanded to the custody of the United States Marshal.
___  The defendant shall surrender to the United States Marshal for this district,

       ___  at _____ a.m./p.m. on _____.
       ___  as notified by the Marshal.

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

       ___  before 12:00 noon on _____
       ___  as notified by the United States Marshal.
       ___  as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL PARTICIPATE IN A SUBSTANCE ABUSE AND MENTAL HEALTH TREATMENT PROGRAM SELECTED BY THE PROBATION DEPARTMENT; TREATMENT MAY INCLUDE OUTPATIENT OR RESEIDENTAL TREATMENT; DEFT SHALL ABSTAIN FROM THE USE OF ALL ILLEGAL SUBSTANCES AND/OR ALCOHOL THE DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED AND ANY PSYCHOTROPIC MEDICATIONS PRESCRIBED, VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

____    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: CHARLIE HERNANDEZ
Case Number: CR-04-428(ARR)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ _100.00_ , consisting of a fine of $ _N/A_ and a special assessment of $ _100.00_ .

____ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ____ immediately
____ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

____ The interest requirement is waived.
____ The interest requirement is modified as follows:

1          (BEGINNING OF EXCERPT.)

2          THE COURT:  Okay.  Well, let me say I was impressed

3    by the thoroughness of the report of Dr. Bardey, that is

4    predicated at least in part on another report by Dr. Drob.

5    Dr. Bardey does conclude that the defendant suffered from

6    depression with certain psychotic features including suicidal

7    thoughts and auditory hallucinations, this is at least

8    historically, as well as substance abuse and that at the time

9    of the offense these impaired his ability to make sound

10   judgments.

11         Indeed, the doctor does conclude that Mr. Hernandez

12   was under an impaired mental state when he committed the crime

13   and I think just as importantly, as counsel points out, he

14   also concludes that Mr. Hernandez has the potential for

15   rehabilitation with residential treatment for mental illness

16   and substance abuse.  In fact, as is set forth in the

17   presentence report which was drafted prior to the problems

18   that Mr. Hernandez had, he did demonstrate an ability to turn

19   himself around as he feels he can at this point in time and,

20   in fact, I think the Probation Department tacitly endorsed

21   that at least until the point where he slipped as potentially

22   some sort of extraordinary post-offense rehabilitation.  We

23   now know that is not the case but it is important that he

24   tried.

25         Under the circumstances that include his impaired

1   functioning and psychological problems, which medical evidence
2   does indicate is treatable, I think that it is possible to
3   fashion a sentence within all the goals of sentence enumerated
4   in the statute.

5          We must start obviously though with the seriousness
6   of the offense.  That was a lot of heroin and it starts by
7   carrying and we all acknowledge that the guidelines bring us
8   to 51 to 63 months but I do think that the seriousness of the
9   offense, when coupled with the particular circumstances of
10  Mr. Hernandez, his psychiatric problems, his -- what the
11  doctor opines to be an ability to rehabilitate, as well as his
12  own evident commitment to that, I believe that an appropriate
13  sentence would be committing Mr. Hernandez to the custody of
14  the Attorney General for a period of 24 months to be followed
15  by a three-year period of supervised release with special
16  conditions that he participate in substance abuse and mental
17  health treatment programs selected by the Probation
18  Department.

19         I have no reason to believe that the inpatient MICA
20  program that you have recommended is not the best one for him
21  and I would commend that to the Probation Department but I
22  know they have far more experience in that than I do.
23  However, it is clear that this treatment may include
24  residential treatment.

25         The defendant is required to abstain from the use of

1   all illegal substances and alcohol and shall contribute to the

2   cost of services rendered by copayment or full payment based

3   on his ability to pay and/or the availability of third-party

4   payment.

5           I also prohibit the possession of a firearm.  I make

6   a finding that he's unable to pay a fine but I will impose the

7   mandatory $100 special assessment.

8           Are there any open counts, Ms. Mitnick?

9           MS. MITNICK:  Your Honor, Count Two remains open and

10  we ask that it be dismissed.

11          THE COURT:  The motion is granted.

12          Mr. Hernandez, there are circumstances in which a

13  defendant may appeal the sentence.  I don't believe it is

14  going to apply to your case but you discuss that with

15  Ms. Harris.  If you choose to appeal, a notice of appeal must

16  be filed within ten days and an attorney will continue to

17  represent you.

18          THE DEFENDANT:  I understand.

19          MS. HARRIS:  Thank you, Judge.  Just one matter, as

20  the Court is aware, Mr. Hernandez lives -- his family lives in

21  New Jersey and I think he'd like a recommendation that he be

22  able to serve the remainder of his time at Fort Dix in New

23  Jersey and I would assume that it would be a matter of course

24  that he would then be supervised by the probation office in

25  New Jersey but I don't know if any special note needs to be

1  made of that on the record.

2          PROBATION OFFICER:  First he comes to us and then we

3  process it.

4          THE COURT:  Then there may be a transfer to New

5  Jersey.

6          PROBATION OFFICER:  Then we transfer him but we do

7  the processing part.

8          THE COURT:  But we'll do the recommendation to Fort

9  Dix.

10          MS. HARRIS:  Thank you, Judge.

11          MS. MITNICK:  Thank you.

12          PROBATION OFFICER:  Thank you, Your Honor.

13          (End of proceedings.)

14

15

16

17

18

19

20

21

22

23

24

25